IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY DIAL,

       Plaintiff,                      No.  2:12-cv-2569 AC P

       vs.

SCOTT HEATLEY, et al.,

       Defendants.              <u>ORDER</u>

                             /

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

2

1 defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"   Erickson
2 v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell, 550 U.S. at 555, in turn quoting Conley v.
3 Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must
4 accept as true the allegations of the complaint in question, Erickson, id., and construe the
5 pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
6 (1974).

7 Plaintiff's complaint is premised on allegations of inadequate medical care in
8 violation of his Eighth Amendment rights.  Plaintiff names as defendants Scott Heatley, the
9 Chief Medical Officer at Mule Creek State Prison ("MCSP"); Dr. Christopher Smith, the Chief
10 Physician and Surgeon at MCSP; Dr. John Casey, a doctor contracted by Heatley and Smith to
11 provide medical services for MCSP to plaintiff; the Doctors Hospital of Manteca ("DHM"), the
12 hospital where Dr. Casey was employed at all times relevant to this action; Lawrence Fong, the
13 Chief Executive Officer, Health Care Services, at MCSP; and L.D. Zamora, the Chief California
14 Correctional Health Care Services Officer who reviews inmate appeals.

15 As to defendants Heatley, Smith, Fong, and Zamora, plaintiff has pled adequate
16 allegations to state a claim.  Plaintiff's allegations as to Dr. Casey and DHM, however, fail to
17 state a claim.  Plaintiff's allegations as to these defendants are as follows: On August 29, 2011 at
18 DHM, Dr. Casey gave plaintiff a steroid injection in his right shoulder.  Compl. ¶ 32.  Plaintiff
19 later developed a fungal infection, ostoeomyelitis, at the site of this injection, causing plaintiff
20 excruciating pain.  Id. ¶¶ 33-34.  It was determined by a doctor from the Center for Disease
21 Control that the needle used by Dr. Casey must have been contaminated with the fungus.  Id. ¶
22 34.  Other than employing Dr. Casey, there are no further allegations as to DHM.

23 "[T]o maintain an Eighth Amendment claim based on prison medical treatment,
24 an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439
25 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two
26 prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need'

3

by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

In this case, plaintiff's allegations as to Dr. Casey and DHM support only a claim of medical malpractice or negligence.  However, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.  Accordingly, these defendants must be dismissed.

If plaintiff wishes to amend the complaint, plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

1   Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
2   pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
3   original complaint, each claim and the involvement of each defendant must be sufficiently
4   alleged.
5           In accordance with the above, IT IS HEREBY ORDERED that:
6           1. Plaintiff's request for leave to proceed in forma pauperis is granted.
7           2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
8   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
9   § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
10  Director of the California Department of Corrections and Rehabilitation filed concurrently
11  herewith.
12          3. Plaintiff's claims against Dr. Casey and DHM are dismissed for the reasons
13  discussed above, with leave to file an amended complaint within twenty-eight days from the date
14  of service of this Order. Failure to file an amended complaint will result in a recommendation
15  that these defendants be dismissed from this action.
16          4. Upon filing an amended complaint or expiration of the time allowed therefor,
17  the court will make further orders for service of process upon some or all of the defendants.
18  DATED: March 4, 2013.

                        ALLISON CLAIRE
                        UNITED STATES MAGISTRATE JUDGE

25  /mb;dial2569.14new