UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY DIAL, | No. 2:12-cv-2569 AC P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT HEATLEY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action proceeds against five defendants based on plaintiff's claim that defendants were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment.  Two matters require the court's attention.

First, defendants ask for clarification of this court's order filed November 3, 2014, in which the court approved defendants' proposed order extending by seventy-five days the discovery and dispositive motion deadlines in this action.  That order shall be construed to extend the discovery deadline seventy-five days from the filing date of the court's order (to January 20, 2015), and to extend the dispositive motion deadline seventy-five days from its previously existing deadline (to March 31, 2015).  The Clerk of Court shall correct the "reset deadlines" docket entry made on November 3, 2014.

Second, plaintiff's wife has submitted a "motion" requesting that plaintiff's deposition via

videoconference be delayed until his mental health has improved. Ms. Dial has submitted an exhibit demonstrating that, as of October 24, 2014, plaintiff was considered in "mental health crisis" by an Institutional Classification Committee at the California Department of Corrections and Rehabilitation. See ECF No. 54 at 3. Ms. Dial states that plaintiff's "mental health has deteriorated from [the] Correctional Clinical Case Management System, CCCMS, to the more serious Enhanced Outpatient Program, then to the very serious health needs requiring treatment by the Department of Mental Health, DMH." (Id. at 1.)

Ms. Dial is informed that she may not represent her husband in this action, or file any legal papers on his behalf. "[T]he sixth amendment affords the right of self-representation, not lay representation." United States v. Wright, 568 F.2d 142, 143 (9th Cir. 1978) (citing Faretta v. California, 422 U.S. 806 (1975)). "The Supreme Court, in stating that the history of the right to counsel included the seeking of advice from friends, did not extend the sixth amendment to encompass the right to be represented before the bar of a court by a lay[person]." Id. (citations omitted). While Ms. Dial may help in the preparation of plaintiff's court documents, plaintiff must review, date and sign all submissions to the court.

Nevertheless, the court directs defendants to file and serve, within fourteen days after the filing date of this order, a statement informing the court whether plaintiff's videoconference deposition took place on September 25, 2014, as previously arranged, see ECF No. 48, or whether plaintiff's deposition remains outstanding. If the latter, defendants shall inform the court of any current date and plan to conduct plaintiff's deposition; in addition, defendants shall inquire of the Litigation Coordinator at plaintiff's place of incarceration whether such planned deposition is feasible and, if not, defendants' intended course of action.

In summary, IT IS HEREBY ORDERED that:

1. The extended discovery deadline in this action expired on January 20, 2015; the dispositive motion deadline is reset to March 31, 2015.

2. Plaintiff's "motion" filed December 8, 2014, ECF No. 54, is denied because improperly filed.

3. Within fourteen days after the filing date of this order, defendants shall file and serve a

1  statement informing the court of the status of plaintiff's videoconference deposition.

2  SO ORDERED.

3  DATED: January 22, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3